1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL SAMUEL HUDSON, JR.,

                              Petitioner,

          v.

MELISSA ANDREWJESKI,

                              Respondent.

Case No. C21-5920-RSL-SKV

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY AND
APPOINTMENT OF COUNSEL

14
15
16
17
18
19
20
21
22
23

          This is a federal habeas action proceeding under 28 U.S.C. § 2254.  Petitioner challenges
in this action a 2019 judgment and sentence of the Clark County Superior Court.  Dkt. 4.
Respondent has filed an answer to Petitioner's petition for writ of habeas corpus (Dkt. 7), and
Petitioner has filed a response to Respondent's answer (Dkt. 9).  In conjunction with his
response, Petitioner submitted a motion for discovery and appointment of counsel.  Dkt. 10.
Respondent has filed a response opposing Petitioner's motion (Dkt. 11), and Petitioner has filed
a reply in support of his motion (Dkt. 12).  Though Petitioner's petition is currently ripe for
review, the Court addresses herein only Petitioner's motion for discovery and appointment of
counsel.

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY AND
APPOINTMENT OF COUNSEL - 1

Petitioner seeks to conduct discovery in this matter to obtain evidence to support his third ground for federal habeas relief in which he alleges that he was denied his right to access the courts when the prison staff refused to allow him access to the law library for purposes of preparing and filing a petition for writ of certiorari to the United States Supreme Court in a prior federal habeas action. *See* Dkt. 4 at 8; Dkt. 10. Respondent argues that Petitioner fails to show good cause for this proposed discovery. Dkt. 11 at 2-3.

Rule 6(a) of the Rules Governing Section 2254 Cases provides that the Court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. The Supreme Court has previously established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is properly limited in habeas corpus actions because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n.4 (9th Cir. 1985). Absent a showing of good cause, the Court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999). To show good cause, the petitioner must set forth specific facts showing discovery is appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (*citing Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). The Ninth Circuit has made clear that, in the context of habeas litigation, trial courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Petitioner fails to show that there is good cause to permit him to conduct discovery in this federal habeas action. As noted above, Petitioner is seeking evidence to support his claim that he

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY AND
APPOINTMENT OF COUNSEL - 2

was denied access to the courts.  However, as Respondent points out, Petitioner's third ground for relief does not appear to allege a cognizable claim for federal habeas relief because the claim challenges the conditions of Petitioner's confinement and not the validity of his judgment and sentence.  Furthermore, as Respondent also correctly notes, even assuming Petitioner's third ground for relief presents a cognizable habeas claim, the Court's review in a federal habeas proceeding is limited to the record before the state courts at the time the state courts adjudicated the claim.  28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  In *Pinholster*, the Supreme Court made clear that "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 185.  Under this limited scope of review, the Court may not consider new evidence not presented to the state courts.  For the foregoing reasons, it would serve no purpose to allow Petitioner to conduct the requested discovery.

Petitioner also requests that counsel be appointed to handle the discovery issues raised in his motion, and to appear on his behalf at the evidentiary hearing he anticipates will be needed to resolve his habeas claims.  Dkt. 10 at 2.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY AND
APPOINTMENT OF COUNSEL - 3

Petitioner has not demonstrated that appointment of counsel is either necessary or appropriate at this time.  As explained above, discovery is not warranted in this matter and, thus, counsel is not necessary to assist with that aspect of the case.  It also appears unlikely, at least at this juncture, that an evidentiary hearing will be required.  In addition, the Court observes that nothing in the record suggests Petitioner is unable to litigate this case without counsel.  Plaintiff therefore fails to demonstrate that the interests of judgment call for appointment of counsel in this matter.  Counsel will be appointed, as required, should the Court later determine that an evidentiary hearing is, in fact, necessary.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)     Petitioner's motion for discovery and appointment of counsel (Dkt. 10) is DENIED.

(2)     The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Robert S. Lasnik.

DATED this 25th day of April, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY AND
APPOINTMENT OF COUNSEL - 4